UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THOMAS SIDES,                              )
                                          )
          Plaintiff,                      )
                                          )          CIVIL ACTION NO.
VS.                                       )
                                          )          3:05-CV-1000-G
STEPHEN L. ST. CLAIR, ET AL.,            )
                                          )               **ECF**
          Defendants.                     )


<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is the motion of the plaintiff, Thomas Sides ("Sides" or "the

plaintiff"), (1) requesting various relief (docket entry 32); (2) for leave to file an

amended complaint (docket entry 38); (3) for docket and setting (docket entry 40);

and (4) to apply for subpoenas (docket entry 43).  Stephen L. St. Clair ("St. Clair")

and James Jablon ("Jablon") (collectively, "the defendants") responded opposing

Sides' motion for leave to amend his complaint.

I.  <u>Request for Various Relief</u>

On December 20, 2005, Sides submitted a document to the court requesting

(1) the clerk to send him a copy of his original complaint; (2) to amend his complaint

to join additional defendants; (3) the court to "tell the clerk to let [him] know when

[he] can start requesting [ ] pertinent records and documents . . ."; and (4) requesting

the court to "ask the clerk to send [him] 5 consent for release of records forms."

Docket Entry 32.  Sides' request to amend his complaint to join additional parties is

addressed by this order in part II.  *See infra*, part II.

Copies of documents filed in cases may be requested by writing the clerk of

court at the following address:

> U.S. District Clerk
> Northern District of Texas
> ATTN:  Pro Se Writ Clerk
> 1100 Commerce Street, Rm. 14A20
> Dallas, Texas 75242

The cost of copies is $.50 per page.  Sides should include payment in the

amount of $3.00 for the copy of his six page complaint at the time of his request.

Future inquiries regarding copies should be directed to the clerk of court in the form

of a letter and not filed as a motion in this case.

Sides has asked for the clerk of court to let him know when he can begin

requesting subpoenas for records and document from third parties.  Sides may request

blank subpoena forms from the clerk of court at the address listed above.  However,

the court notes that the deadline for completion of all discovery was June 30, 2006.

*See* Order Establishing Schedule and Certain Pretrial Requirements, entered on

December 15, 2005; FED. R. CIV. P. 45.

Sides has asked that the clerk send him 5 consent forms for release of records. The clerk of court has no such forms. Furthermore, any such request should be directed to the clerk of court in the form of a letter and sent to the address listed above rather than being filed as a motion in this case.

## II. Motion for Leave to File Amended Complaint

On March 13, 2006, Sides moved the court to allow him to amend his original complaint. Docket Entry 38. Sides seeks to amend his complaint by adding as parties the City of Dallas and three Dallas Police Department officers.[1] Docket Entry 38. Where a proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Sides alleges the incident giving rise to this litigation occurred on January 24, 2004. Docket Entry 38 at 5. Subsequently, on March 13, 2006, more than two years after the events in issue, Sides moved the court for leave to amend his complaint to add these defendants. The Supreme Court has held that each state's applicable law shall provide the appropriate limitations period for the particular section 1983 claim alleged. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). In this case, all of Sides' claims are for personal injury. Texas provides a two year limitations

---

[1]     Sides seeks to sue the existing defendants, St. Clair and Jablon, in their official capacity. He also seeks to join Sgt. Hinton, Chief David M. Kunkle, and Deputy Chief Calvin A. Cunigan in their individual and official capacities. *See* Docket Entry 38. Because Sides desires to sue these defendants in their official capacities, those are actually claims against the City. See *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).

period for all personal injury claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Accordingly, more than two years elapsed from the time that Sides knew or had

reason to know of the injury which is the basis of this action. Because Sides' claims

against the City, Hinton, Kunkle, and Cunigan are time-barred, this amendment

would be futile. As a result, Sides' motion for leave to amend his complaint is denied.

### III. <u>Motion for Docket and Setting</u>

On March 22, 2006, Sides filed a document entitled "Motion for Docket and

Setting." In this document, Sides requests the court to reconsider a motion to

appoint counsel, filed on October 25, 2005, that was denied without hearing or

written opinion by United States Magistrate Judge Paul D. Stickney. To this end,

Sides requests the court to: (1) have a hearing on the matter; (2) issue a "bench

warrant" for delivery of the plaintiff and his legal papers to the hearing;

(3) alternatively, appoint "a representative to make face to face contact with plaintiff,

and investigate further, the request for a hearing in this matter"; and (4) stay the

proceedings in this case pending this hearing. Docket Entry 40.

On May 25, 2006, the court received a hand-written letter from Sides

requesting certain relief. One type of relief requested was Sides' request to have

counsel appointed in this case. The United States Magistrate Judge denied this

request, by written order, on June 22, 2006. *See* Order, filed June 22, 2006. For the

same reasons given in the United States Magistrate Judge's order, Sides' motion for

Docket and Setting is denied.

IV.  Application for Subpoena

On March 24, 2006, Sides requested "subpoena in accordance with the law"

from:

(1)     Records Custodian of the Seagoville Police Department
        located at 600 N. Hwy 175, Seagoville, Texas  75159;

(2)     Records Custodian of the Dallas County Sheriff's
        Department located at 500 Commerce Street, Dallas,
        Texas  75202;

(3)     City of Seagoville, 702 N. Hwy 175, Seagoville, Texas
        75159;

(4)     Jim Hamlin, Dallas County District Clerk, 133 N.
        Industrial Blvd., Dallas, Texas  75207;

(5)     Lisabeth L. Kellett, Deputy Court Reporter, 203rd Judicial
        District Court, 915 San Fernando Way, Dallas, Texas,
        75218;

(6)     Dallas County District Attorney or his designate, 133 N.
        Industrial Blvd, Dallas, Texas  75207;

(7)     Carl H Judin III, 5111 Preston Road, Suite 500, Dallas,
        Texas  75225;

(8)     Tina Hill, Assistant Practice Manager, U.T.M.B./C.M.C.
        Dallas County Jails, 3818 Cedar Springs Road, #101-413,
        located at133 N. Industrial Blvd, 5th Floor / Room A-14,
        Dallas, Texas  75219;

(9)     Parkland Memorial Hospital, 5201 Harry Hines Blvd.
        Dallas, Texas,  75235; and

- 5 -

(10)   Records Custodian of the medical department of the Texas
Department of Criminal Justice Institutional Division /
U.T.M.B., located at "Medical Records Archiv, 262-B,
F.M. 3478, Huntsville, Texas  77320.

In compliance with FEDERAL RULE OF CIVIL PROCEDURE 45, the clerk shall

issue subpoenas -- three copies[2] for each request -- to Sides.

**SO ORDERED**.

August 22, 2006.

A. JOE FISH
CHIEF JUDGE

---

[2]        The plaintiff shall retain one copy, serve one copy, and file one copy
with the court.